HONIGMAN MILLER SCHWARTZ AND COHN LLP
A Limited Liability Partnership
ANDREW M. GROVE (*pro hac vice* to be filed)
EMILY J. ZELENOCK (*pro hac vice* to be filed)
38500 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304-5048
Telephone:    248-566-8300
Facsimile:    248-566-8315
E-Mail:        jgrove@honigman.com
               ezelenock@honigman.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
NATHANIEL BRUNO (Cal. Bar No. 228118)
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:         nbruno@sheppardmullin.com

Attorneys for Plaintiff
PROVO CRAFT AND NOVELTY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[DIVISION TO BE ASSIGNED]

| | |
|---|---|
| PROVO CRAFT AND NOVELTY, INC., a Utah corporation,<br><br>                     Plaintiff,<br><br>          v.<br><br>CRAFT EDGE INC., a California corporation; and BRANDON KURODA, an individual,<br><br>                     Defendants. | Civil Action No.<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT;**<br>**3. TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION UNDER § 43(a) OF THE LANHAM ACT; AND**<br>**4. BREACH OF CONTRACT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

8678155.1

COMPLAINT

Plaintiff Provo Craft and Novelty, Inc. ("Provo Craft" or "Plaintiff"), by its attorneys, brings this Complaint against Defendants Craft Edge Inc. ("Craft Edge") and Brandon Kuroda ("Kuroda") (collectively, "Defendants") as follows:

**NATURE OF THE SUIT**

1.      Defendants have illegally enriched themselves at Plaintiff's expense by unauthorized use of Provo Craft's copyrighted CRICUT DESIGNSTUDIO® software and Provo Craft's registered CRICUT® trademarks.  Accordingly, Provo Craft brings this action for injunctive relief and damages arising from (i) Defendants' unlawful acts of copyright infringement, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. and, in particular, § 501 ("the Copyright Act"); (ii) Defendants' trademark infringement, false designation of origin, passing off and unfair competition, in violation of the Lanham Act, 15 U.S.C. §§1051 et seq.; and (iii) Defendants' breach of contract.

**PARTIES**

2.      Plaintiff Provo Craft is a Utah corporation with a principal place of business located at 10876 South River Front Parkway, Suite 600, South Jordan, Utah, 84095.

3.      Upon information and belief, Defendant Craft Edge is a California corporation with a mailing address in California at 20505 Yorba Linda Blvd #112, Yorba Linda, CA 92886.

4.      Upon information and belief, Defendant Kuroda is an individual with a residence at 20055 Paseo Luis, Yorba Linda, CA 92886-5702.

5.      Upon information and belief, Defendant Kuroda formed and registered Defendant Craft Edge shortly after he became aware of Provo Craft's CRICUT DESIGNSTUDIO® software and did so for the purpose of conducting the unlawful conduct alleged in this Complaint.  In particular, Defendant Kuroda created Defendant Craft Edge for the purpose of introducing a parasitical competing product in the marketplace, one that was made possible by unlawful access to and use

1  of Provo Craft's confidential and copyright-protected computer programs and related intellectual
2  property.

3  6.     Upon information and belief, Defendant Kuroda is the President, sole member and
4  proprietor, and primary decision maker of Defendant Craft Edge.

5  7.     Upon information and belief, Defendant Craft Edge does not have a place of business
6
7  separate from Defendant Kuroda's home.

8  8.     Upon information and belief, Defendant Craft Edge does not have a retail space.

9  9.     Upon information and belief, Defendant Craft Edge does not have a phone number.

10 10.    Upon information and belief, there is a unity of interest and ownership between Defendant
11 Craft Edge and Defendant Kuroda such that the separate personalities of Defendant Craft Edge
12
13 and Defendant Kuroda do not in reality exist.

14 11.    Upon information and belief, Defendant Craft Edge is a mere shell or conduit for
15 Defendant Kuroda's activities and affairs, including the unlawful conduct alleged herein.

16 12.    Upon information and belief, Defendant Craft Edge is not adequately capitalized to meet
17 predictable obligations, including paying a judgment for copyright infringement, breach of
18 contract, and trademark infringement.

19                          **JURISDICTION AND VENUE**
20
21 13.    Count I arises under a federal statute, 17 U.S.C. §§ 101 et seq. (the Copyright Act).  This
22 Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

23 14.    Counts II-III arise under a federal statute, 15 U.S.C. §§1051 et seq. (the Lanham Act).
24 This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §
25 1121.

26 15.    Count IV for breach of contract arises under the laws of California.  This Court has
27 supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because it is so related to the federal
28

-3-

claims that it forms part of the same case or controversy and derives from a common nucleus of operative fact.

16.     This Court has personal jurisdiction over Defendants.  Defendants solicit, transact and do business within this judicial district.  In addition, according to the End User's License Agreement ("EULA") at issue in this case, Defendants have agreed that any dispute arising under or relating to the EULA shall be submitted to the exclusive jurisdiction of the state and federal courts in San Francisco, California.

17.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.  Venue is also proper because Defendants are subject to personal jurisdiction in this district.  In addition, by agreeing to the EULA, Defendants agreed to waive all objections to venue.

## INTRADISTRICT ASSIGNMENT

18.     Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

## BACKGROUND ALLEGATIONS

19.     Provo Craft is an innovative maker of consumer craft products that are used in personal craft projects.

20.     The great market success of Provo Craft's CRICUT® personal electronic cutting machines (or "e-cutters") and related content cartridges and consumables has made Provo Craft one of the leading companies in its industry.  When Provo Craft introduced the CRICUT® e-cutter in 2005, it was the first affordable, user-friendly and standalone (no computer required) personal electronic cutting machine.  By accessing one or more CRICUT® content cartridges connected to a CRICUT machine,  users can select fonts, then select, size, arrange and cut paper or vinyl letters and designs.  This can be done using just the keyboard and display on each CRICUT® e-cutter.  An image of a CRICUT® e-cutter appears below:

-4-



21.     Provo Craft now sells three (3) different models of CRICUT® e-cutters, as well as the

CRICUT CAKE™ and CRICUT IMAGINE™ machines.  The former is used to cut gum paste

and similar materials for use in decorating cakes and cookies.  The latter is the first combined

personal e-cutter and inkjet printer in one machine.

22.     Provo Craft has developed and now sells well over 100 different CRICUT® cartridges that

supply a vast pool of content for users to create and cut projects with their CRICUT e-cutters.

These cartridges plug into the CRICUT® e-cutters.  Each CRICUT® cartridge contains computer

programs that control the CRICUT® e-cutter and store, manage, translate and deliver the letter

and design content on each cartridge.

23.     As shown in the picture in Paragraph 20 above, a user plugs a CRICUT® cartridge into the

front right part of the CRICUT® e-cutter.  An image of a typical CRICUT® cartridge appears

below:



-5-

24.     The CRICUT® e-cutters cut a variety of materials with or without a computer.  Consumers use the cut patterns for scrapbooks, greeting cards, cake decorations, and a variety of other applications.

25.     Provo Craft also owns and sells a personal computer software application program called CRICUT DESIGNSTUDIO® that allows people to view, manage, and manipulate all of the content that Provo Craft offers on its CRICUT® cartridges.  Consumers can purchase licenses to use CRICUT DESIGNSTUDIO®, then either download the software via the internet, or access the software on CD-ROM discs.  The software is then installed on the licensee's personal computer.

26.     CRICUT DESIGNSTUDIO® transmits instructions via Universal Serial Bus ("USB") from the computer running CRICUT DESIGNSTUDIO® to the CRICUT® e-cutter.  CRICUT DESIGNSTUDIO® prepares the instructions to control the CRICUT® e-cutter which "instructs" the CRICUT® e-cutter how to cut a particular pattern or shape.

27.     Provo Craft uses security features such that consumers can cut a pattern from CRICUT DESIGNSTUDIO® only if the applicable cartridge – presumably one that they own – is plugged into the CRICUT® e-cutter, as illustrated below.



28.     Provo Craft uses various techniques to encrypt and obscure the USB communications between CRICUT DESIGNSTUDIO® and the CRICUT® e-cutter,  in order to protect Provo

1    Craft's proprietary software and firmware, and to prevent attempts to intercept the cutting

2    commands.

3    29.     The use of CRICUT DESIGNSTUDIO® software by end users is governed by an end user

4    license agreement ("EULA").  See End User License Agreement (attached hereto as Ex. A).

5    30.     After purchasing but before using CRICUT DESIGNSTUDIO®, end users must read and

6    agree to be bound by the terms of the EULA.  (Ex. A).

7

8    31.     The EULA grants the end user a "non-exclusive right and license to use" CRICUT

9    DESIGNSTUDIO® and related documentation.  (Ex. A at ¶ 1).

10   32.     The EULA further provides that "[t]he Software contains copyrighted material, trade

11   secrets and other proprietary intellectual property."  (Ex. A at ¶ 2).  The EULA expressly forbids

12   concurrent use of the software unless each user has an applicable license and agrees to the terms of

13   the EULA.  (Ex. A at ¶ 2).

14

15   33.     The EULA also provides: "You may not decompile, disassemble, reverse-engineer or

16   otherwise display the Software in human-readable form.  You may not modify, translate, rent,

17   lease, distribute or lend the Software, and you may not sell to others the right to use the Software

18   on your computer.  You may not remove any proprietary notices or labels on the Software.  You

19   may not copy, transfer, transmit, sublicense or assign this license or the Software except as

20   expressly permitted in this Agreement."  (Ex. A at ¶ 2).

21

22   34.     Provo Craft began selling CRICUT DESIGNSTUDIO® in November 2007.  Some time

23   after the release of CRICUT DESIGNSTUDIO®, Defendants began offering and selling a

24   computer software program known as Sure Cuts A Lot™ ("SCAL").  SCAL sends control

25   commands to the CRICUT® e-cutter using the same protocol used by CRICUT

26   DESIGNSTUDIO® and encrypted using the same encryption that CRICUT DESIGNSTUDIO®

27   uses.

28

COMPLAINT

35.     An updated version of CRICUT DESIGNSTUDIO® was released in March 2008.  Shortly after this, Defendants produced and released an updated version of SCAL.

36.     Upon information and belief, when Defendants or someone acting on Defendants' behalf obtained each version of CRICUT DESIGNSTUDIO®, it agreed to the terms of the EULA.

37.     Upon information and belief, Defendants, or a person acting on Defendants' behalf and under Defendants' instructions and control, willfully and knowingly violated the EULA by, inter alia, decompiling, disassembling, reverse-engineering or otherwise displaying in human-readable form the CRICUT DESIGNSTUDIO® software that runs on a user's personal computer. Defendants did this in order to gain knowledge of Provo Craft's CRICUT®-related  protocol and encryption methods in order to create its own product, SCAL.

38.     SCAL is a computer software application that provides a computer interface that allows people to cut virtually any shape that they can create or obtain from any other source, using a CRICUT® e-cutter, all without  purchasing Provo Craft's CRICUT DESIGNSTUDIO® software or CRICUT® cartridges.  According to Defendant Craft Edge, SCAL works with the original and current models of CRICUT® Personal, CRICUT® Expression, CRICUT® Create, and CRICUT® Cake machines.

39.     As with CRICUT DESIGNSTUDIO®, people can buy SCAL and load it into their personal computer either with a CD-ROM disc or from the internet from Defendant Craft Edge's website (www.craftedge.com/download/download.hmtl).  Like CRICUT DESIGNSTUDIO®, SCAL communicates with the CRICUT® e-cutter via USB.  As shown in the screenshot below, SCAL instructs users to install the USB driver for their CRICUT® e-cutter.



40.     Once installed, the SCAL interface instructs users to "cut with Cricut[®]":



## CAUSES OF ACTION

## COUNT I
## COPYRIGHT INFRINGEMENT

41.     Provo Craft repeats and re-alleges herein each of the foregoing paragraphs.

42.     Provo Craft owns all copyrights in a number of CRICUT® - related works,  including the

computer programs that comprise the CRICUT DESIGNSTUDIO® software, the firmware for

-9-

CRICUT® e-cutters, and the computer software and content on each CRICUT® cartridge. Provo Craft has a number of related copyright registrations in the U.S. Copyright Office for many of these works, including: federal copyright registration number TXu001588137 (attached hereto as Ex. B) and federal copyright registration number TXu001586115 (attached hereto as Ex. C).

43.     Defendants, without Provo Craft's permission, authorization or consent, have committed copyright infringement by, among other things, accessing, using, copying, and/or making derivative works of, at least portions of these computer programs.

44.     In particular, upon information and belief, Defendants committed copyright infringement at least by loading (*e.g.*, copying) CRICUT DESIGNSTUDIO® into a computer's random access memory ("RAM") and decompiling, disassembling, reverse-engineering, and/or otherwise displaying the software in human-readable form in violation of the EULA to which Defendants were expressly bound. Such copying was beyond the scope of the license and therefore an infringement.

45.     Defendants engaged in this unauthorized copying repeatedly over the years each time Provo Craft released updates to CRICUT DESIGNSTUDIO®.

46.     Defendants' infringement has been willful, intentional, and purposeful, in disregard of and indifferent to Provo Craft's rights.

47.     Defendants' conduct constitutes a violation of 17 U.S.C. § 101 et seq., and especially § 501 et seq.

48.     As a direct and proximate result of Defendants' copyright infringements, Provo Craft has suffered actual and irreparable injury for which no adequate remedy exists at law. Unless restrained and enjoined, Defendants will continue to engage in the acts complained of herein and, therefore, will continue to cause irreparable harm to Provo Craft.

49.     As the result of Defendants' copyright infringements, Provo Craft is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced damages for willful infringement under 17 U.S.C. § 504(c)(2).  Alternatively, at Provo Craft's election, pursuant to 17 U.S.C. § 504(b), Provo Craft is entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

50.     Provo Craft is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT

51.     Provo Craft repeats and re-alleges herein each of the foregoing paragraphs.

52.     Provo Craft is the owner of federal trademark  registrations and applications for the mark CRICUT in various forms covering a variety of goods, including valid and subsisting registrations on the Principal Register in the U.S. Patent and Trademark Office for the word marks CRICUT®, CRICUT CREATE®, CRICUT EXPRESSION®,  CRICUT CAKE® and CRICUT DESIGNSTUDIO®, as well as the composite word and design mark CRICUT & DESIGN®. Summary information concerning registrations for these mark is set forth in the table below and copies of the corresponding registration certificates are attached to this Complaint as Exhibit D. All of the registrations on Exhibit D are valid and subsisting.  They constitute in all instances *prima facie* evidence, and for those registrations that are incontestable, conclusive evidence, of Provo Craft's exclusive rights to use these marks in connection with the goods recited in the registrations throughout the U.S.

| Mark | Reg. No. | Reg. Date | Goods Description |
|------|----------|-----------|------------------|
| CRICUT & Design | 3,406,679 | 04/01/2008 | IC 7 - paper cutting machine for cutting paper, cardstock and other paper materials in sheet form |

| Mark | Reg. No. | Reg. Date | Goods Description |
|---|---|---|---|
|  | | | |
| CRICUT & Design  | 3,372,457 | 01/22/2008 | IC 9 - Computer software recorded on cartridges containing fonts, images or designs for use in operating electronic cutting machines for cutting paper and other materials in sheet form |
| CRICUT | 3,326,119 | 10/30/2007 | IC 7 - Paper cutting machine for cutting paper, cardstock and other materials in sheet form<br><br>IC 9 - Electronic memories contained in a cartridge to be inserted in an electronic paper cutting machine |
| CRICUT CREATE | 3,541,570 | 12/02/2008 | IC 7 - Paper cutting machine for cutting paper, cardstock and other materials in sheet form |
| CRICUT EXPRESSION | 3,572,075 | 02/10/2009 | IC 7 - Cutting machine for cutting paper, cardstock and other paper or plastic materials in sheet form |
| CRICUT DESIGNSTUDIO | 3,579,471 | 02/24/2009 | IC 9 - Computer software recorded on CD Rom and in downloadable format for use in operating electronic cutting machines for cutting paper and other materials in sheet form |
| CRICUT CAKE | 3,881,505 | 11/23/2010 | IC 7 - electronic cutting machines for cutting gum paste, fondant and other confectionery or pastry materials in flat form; blades for electronic cutting machines<br><br>IC 9 - Computer software recorded on cartridges containing fonts and graphics for use in operating electronic cutting machines for |

-12-

| Mark | Reg. No. | Reg. Date | Goods Description |
|---|---|---|---|
| | | | cutting gum paste, fondant and other confectionery or pastry materials in flat form |
| | | | IC 21 - Plastic mats for cutting food; Utensils for working with confectionery or pastry materials, namely, spatulas, rollers, pastry cutters, pastry brushes, pastry smoothers, picks for removing cut confectionery or pastry pieces |
| | | | IC 30 - Confectionery, namely, gum pastes, fondants and frostings, and mixes therefor |

The foregoing marks and the registrations therefor shall be referred to as the "CRICUT®

Marks."

53.    Provo Craft has extensively and continuously sold, marketed, advertised, and promoted its

e-cutter machines, cartridge, software, and related goods using its CRICUT® Marks, and the same

have become widely and favorably known throughout the United States.  Indeed, the CRICUT®

Marks are famous, and are a most valuable asset of Provo Craft, symbolizing its goodwill among

consumers and the trade and are exclusively associated with Provo Craft.

54.    Defendants have been using one or more of Provo Craft's CRICUT® Marks in commerce

in connection with identical and related goods and services.

55.    Defendants use the CRICUT® Marks in advertising and promoting their website and in

advertising, promoting, and selling their SCAL software, all without permission from Provo Craft.

56.    Defendants also use the CRICUT® Marks within the SCAL software, again without

permission from Provo Craft.

57.    Defendants' unauthorized uses of the CRICUT® Marks is likely to cause confusion,

mistake, or deception as to the source or origin of Defendants' goods and services, and are likely

1    to falsely suggest a sponsorship, connection, license, or association of Defendants' goods and

2    services with Provo Craft, and thus constitute trademark infringement of Provo Craft's federally

3    registered marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

4    58.    Defendants' conduct has at all times relevant to this action been willful and/or knowing.

5
6    59.    As a direct and proximate result of Defendants' conduct, Provo Craft has been damaged

7    and will continue to be damaged.

8    60.    Provo Craft has no adequate remedy at law.

9                          **COUNT III**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF**
10   **AND UNFAIR COMPETITION UNDER § 43(A) OF THE LANHAM ACT**

11   61.    Provo Craft repeats and re-alleges herein each of the foregoing paragraphs.

12
13   62.    Defendants' use of Provo Craft's CRICUT® Marks is likely to cause confusion, mistake,

or deception as to the origin, sponsorship, or approval of Defendants' goods and services and
14
15   commercial activities, and thus constitutes trademark infringement, false designation of origin,

16   passing off, and unfair competition with respect to the CRICUT® Marks in violation of Section

17   43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

18   63.    Defendants' conduct has at all times relevant to this action been willful and/or knowing.

19
20   64.    As a direct and proximate cause of Defendants' conduct, Provo Craft has been damaged

and will continue to be damaged.
21
22   65.    Provo Craft has no adequate remedy at law.

23                          **COUNT IV**
**BREACH OF CONTRACT**
24
25   66.    Provo Craft repeats and re-alleges herein each of the foregoing paragraphs.

26   67.    Upon information and belief, Defendants or someone acting upon Defendants' behalf

obtained CRICUT DESIGNSTUDIO® after it was first released in November 2007 and thereafter
27
28   when it was updated and released in new versions.

---

-14-

68.     On each occasion that Defendants obtained CRICUT DESIGNSTUDIO®, they did so for the purpose of analyzing CRICUT DESIGNSTUDIO® and related materials, making improper use of Provo Craft's intellectual property embodied therein, and creating a competing product that is now known, marketed, and sold as Sure Cuts A Lot or SCAL.

69.     Shortly after the releases of the first and second versions of CRICUT DESIGNSTUDIO®, Defendants released first and second versions of SCAL.

70.     Upon information and belief, Defendants were prompted to read the EULA before using the CRICUT DESIGNSTUDIO® software package and agreed to be bound by its terms.  (Ex. A).

71.     Provo Craft (and Provo Craft's predecessor-in-interest, Cognitive Devices, Inc.) fulfilled all of its obligations under the EULA by supplying CRICUT DESIGNSTUDIO® to Defendants.

72.     Defendants breached the EULA by using the software in ways that were expressly forbidden by the EULA, for example by decompiling, disassembling, reverse-engineering, and/or otherwise displaying the software in human-readable form.  (Ex. A at ¶ 2).

73.     The purpose of Defendants' conduct was to introduce a parasitical competing product in the marketplace, one that was made possible by Defendants' unlawful access to and use of Provo Craft's confidential and copyright-protected computer programs and related intellectual property.

74.     In addition, Defendants intentionally lured customers away by advertising that customers would not need to buy CRICUT® cartridges if they bought SCAL instead of CRICUT DESIGNSTUDIO®.

75.     Defendants' conduct was willful, intentional, and purposeful, in disregard of and indifferent to Provo Craft's rights.

76.     Provo Craft has suffered damages legally caused by Defendants' breach, including monetary damages representing lost sales of Provo Craft's CRICUT DESIGNSTUDIO® software package and CRICUT® cartridges.

77.     In addition, as a result of Defendants' breach, Provo Craft has suffered loss of sales, customers and goodwill for which there is no adequate remedy at law.

78.     Provo Craft has been irreparably harmed by Defendants' breach because there is no adequate legal remedy to compensate Provo Craft for the loss of customers and goodwill caused by Defendants' unlawful conduct.

## PRAYER FOR RELIEF

Accordingly, Provo Craft prays that this Court enter a judgment in its favor and against the Defendants by ordering:

a)     That Defendants have infringed Provo Craft's copyrights, and such infringement was intentional and willful;

b)     That Defendants have infringed Provo Craft's CRICUT® Marks, and such infringement was intentional and willful;

c)     That Defendants have engaged in false designation of origin, passing off, and unfair competition, and such conduct was intentional and willful;

d)     That Defendants breached the EULA, and such breach was intentional and willful;

e)     That therefore Defendants, and Defendants' employees, agents, officers, directors, shareholders, members, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, are preliminarily and permanently enjoined from infringing Provo Craft's copyrights, or contributing to or inducing infringement by others;

f)     That therefore Defendants, and Defendants' employees, agents, officers, directors, shareholders, members, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, are preliminarily and permanently enjoined from infringing Provo Craft's CRICUT® Marks;

-16-

g)  That therefore Defendants, and Defendants' employees, agents, officers, directors, shareholders, members, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, are preliminarily and permanently enjoined engaging in further false designation of origin, passing off, and unfair competition;

h)  That therefore Defendants pay Provo Craft damages to compensate for the injuries they caused, together with any applicable interest;

i)  That therefore Defendants pay Provo Craft statutory damages as provided under the Copyright Act;

j)  That therefore Defendants pay Provo Craft's costs, expenses and attorney fees as provided under the Copyright Act;

k)  That therefore Defendants pay compensatory damages suffered by Provo Craft as a result of the foregoing acts of infringement, trebled in accordance with 15 U.S.C. § 1117.

l)  That therefore Defendants pay Provo Craft enhanced damages for willful and intentional infringement;

m)  That therefore Defendants pays Provo Craft's costs, expenses and attorney fees as provided under the Lanham Act;

n)  That therefore Defendants pay compensatory damages suffered by Provo Craft as a result of the foregoing acts of infringement, false designation of origin, passing off, and unfair competition, trebled in accordance with 15 U.S.C. § 1117;

o)  That therefore Defendants, and Defendants' employees, agents, officers, directors, shareholders, members, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, are preliminarily and

1    permanently enjoined from selling SCAL or any other product that resulted from

2    Defendants' copyright infringement or breach;

3    p)      That therefore Defendants pay Provo Craft all other money to which Provo Craft

4    may be entitled by law and equity; and

5    q)      Other relief as the Court may deem appropriate.

6

7

8    Respectfully submitted,

9

Dated:  January 20, 2011                    By: _____

10

11                                               Sheppard Mullin Richter & Hampton LLP
                                                   Nathaniel Bruno (Cal. Bar No. 228118)
12
                                               Honigman Miller Schwartz and Cohn LLP
13                                                 Andrew M. Grove (*pro hac vice* to be filed)
                                                   Emily J. Zelenock (*pro hac vice* to be filed)
14
                                               Attorneys for Plaintiff
15                                             PROVO CRAFT AND NOVELTY, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

1

## **DEMAND FOR JURY TRIAL**

2

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Provo Craft and

3

Novelty, Inc. hereby demands a jury trial on all issues triable of right by a jury.

4

5

Respectfully submitted,

6

7

Dated: January 20, 2011                                By: _____

8

Sheppard Mullin Richter & Hampton LLP
Nathaniel Bruno (Cal. Bar No. 228118)

9

10

Honigman Miller Schwartz and Cohn LLP
Andrew M. Grove (*pro hac vice* to be filed)
Emily J. Zelenock (*pro hac vice* to be filed)

11

12

Attorneys for Plaintiff
PROVO CRAFT AND NOVELTY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

# EXHIBIT A

## END USER LICENSE AGREEMENT

**IMPORTANT: PLEASE READ THIS END USER LICENSE AGREEMENT (THE "AGREEMENT") CAREFULLY BEFORE OPENING THE ACCOMPANYING SOFTWARE (THE "SOFTWARE") PACKAGE OR CONTINUING WITH THE INSTALLATION PROCESS OF THE SOFTWARE. BY CLICKING ON THE "OK" OR "ACCEPT" BUTTON, OR BY OPENING THE SOFTWARE PACKAGE, YOU AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT. IF YOU DO NOT AGREE TO THE TERMS OF THIS AGREEMENT, CLICK THE "DO NOT ACCEPT" BUTTON TO TERMINATE THE INSTALLATION PROCESS OR PROMPTLY RETURN THE UNOPENED PACKAGE AND THE REST OF THE PRODUCT TO YOUR SUPPLIER FOR A FULL REFUND.**

1. **License.** Cognitive Devices ("Cognitive Devices") grants you a non-exclusive right and license to use the Software and the related documentation (the "Documentation") as set forth in this Agreement. You may use the Software on a single computer. You may make a single copy of the Software for backup and archival purposes only provided that any copy must contain all proprietary notices included in the original. You may use the Documentation to assist in your use of the Software. If you download the Software without physical delivery of Documentation, you may review the Documentation online, but you may not make further copies of the Documentation. You own the media on which the Software is recorded, but not the Software itself or any copy of it. This license is not a sale of the original or any copy of the Software.

2. **Copying, Transferring or Modifying Software.** The Software contains copyrighted material, trade secrets and other proprietary intellectual property. You may not permit concurrent use of the Software unless each user has an applicable license. You may not permit other individuals to use the Software except under the terms listed above. You may not decompile, disassemble, reverse-engineer or otherwise display the Software in human-readable form. You may not modify, translate, rent, lease, distribute or lend the Software, and you may not sell to others the right to use the Software on your computer. You may not remove any proprietary notices or labels on the Software. You may not copy, transfer, transmit, sublicense or assign this license or the Software except as expressly permitted in this Agreement. You agree that the terms of this paragraph apply to the Software or any portion thereof, whether owned by Cognitive Devices or Cognitive Devices' licensors.

3. **Term and Termination.** This Agreement and license are effective from the time you accept the terms of this Agreement until this Agreement is terminated. You may terminate this Agreement at any time by destroying all copies of the Software. This Agreement will terminate immediately and without further notice if you fail to comply with any provision of this Agreement. All obligations of confidentiality and restrictions on use, and all other provisions that may reasonably be interpreted to survive termination of this Agreement, will survive termination of this Agreement for any reason. Upon termination, you agree to destroy all copies of the Software.

5. **Limited Warranty.** If the Software is delivered using a computer storage media such as a CD ROM or diskette, Cognitive Devices warrants that the media on which the Software is furnished will be free from defects in materials and workmanship under normal use for ninety (90) days from the date you received the Software, as shown by your receipt. This warranty is limited to you and is not transferable. This warranty does not cover damage caused by improper use or neglect. Cognitive Devices' entire liability and your exclusive remedy shall be, at Cognitive Devices' option (i) to replace the defective media; (ii) to advise you how to achieve substantially the same functionality with the Software as described in the Documentation through a procedure different from that set forth in the Documentation; or (iii) to refund the license fee you paid for the Software.

6. **Warranty Disclaimers.** THE SOFTWARE, THE DOCUMENTATION AND (EXCEPT AS PROVIDED IN SECTION 5) THE MEDIA UPON WHICH THE SOFTWARE IS RECORDED (IF ANY) ARE PROVIDED "AS IS" AND WITHOUT WARRANTIES OF ANY KIND, EXPRESS, STATUTORY OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. The entire risk as to the quality and performance of the Software and the Documentation is with you.

Cognitive Devices does not warrant that the functions contained in the Software will meet your requirements or

operate in the combination that you may select for use, that the operation of the Software will be uninterrupted or error free, or that defects in the Software will be corrected.  No oral or written statement by Cognitive Devices or by a representative of Cognitive Devices shall create a warranty or increase the scope of this warranty.

COGNITIVE DEVICES DOES NOT WARRANT THE SOFTWARE AGAINST INFRINGEMENT OR THE LIKE WITH RESPECT TO ANY COPYRIGHT, PATENT, TRADE SECRET, TRADEMARK OR OTHER PROPRIETARY RIGHT OF ANY THIRD PARTY AND DOES NOT WARRANT THAT THE SOFTWARE IS FREE OF ANY VIRUS, SOFTWARE ROUTINE OR OTHER SOFTWARE DESIGNED TO PERMIT UNAUTHORIZED ACCESS, TO DISABLE, ERASE OR OTHERWISE HARM SOFTWARE, HARDWARE OR DATA, OR TO PERFORM ANY OTHER SUCH ACTIONS.

Any warranties that by law survive the foregoing disclaimers shall terminate ninety (90) days from the date you received the Software as shown by your receipt.

7. **Limitation of Liability.**  YOUR SOLE REMEDIES AND COGNITIVE DEVICES' ENTIRE LIABILITY ARE SET FORTH ABOVE.  IN NO EVENT WILL COGNITIVE DEVICES OR ITS DISTRIBUTORS OR DEALERS BE LIABLE FOR DIRECT, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM THE USE OF THE SOFTWARE, THE INABILITY TO USE THE SOFTWARE, OR ANY DEFECT IN THE SOFTWARE, INCLUDING ANY LOST PROFITS, EVEN IF THEY HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGE.

You agree that Cognitive Devices and its distributors and dealers will not be liable for defense or indemnity with respect to any claim against you by any third party arising from your possession or use of the Software or the Documentation.

In no event will Cognitive Devices' total liability to you for all damages, losses, and causes of action (whether in contract, tort, including negligence, or otherwise) exceed the amount you paid for this product.

SOME JURISDICTIONS DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, AND SOME JURISDICTIONS DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATIONS OR EXCLUSIONS MAY NOT APPLY TO YOU.  THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM JURSIDICTION TO JURISDICTION.

8. **Government Restricted Rights.**  For units of the Department of Defense, use, duplication, or disclosure by the Government is subject to restrictions as set forth in subparagraph (c)(1)(ii) of the Rights in Technical Data and Computer Software clause at DFARS 252.227-7013.  Contractor/manufacturer is Cognitive Devices, 68 Maywood Way, San Rafael, California 94901.

If the Commercial Computer Software Restricted rights clause at FAR 52.227-19 or its successors apply, the Software and Documentation constitute restricted computer software as defined in that clause and the Government shall not have the license for published software set forth in subparagraph (c)(3) of that clause.

The Software (i) was developed at private expense, and no part of it was developed with governmental funds; (ii) is a trade secret of Cognitive Devices (or its licensor(s)) for all purposes of the Freedom of Information Act; (iii) is "restricted computer software" subject to limited utilization as provided in the contract between the vendor and the governmental entity; and (iv) in all respects is proprietary data belonging solely to Cognitive Devices (or its licensor(s)).

9. **Export Control Laws.**  You agree to comply with all laws, rules and regulations applicable to the export of the Software or the Documentation.  Specifically, you shall not export, re-export or transship the Software or the Documentation, or the direct product thereof, in violation of any United States laws and regulations which may from time to time be applicable.  None of the Software or underlying information or technology may be downloaded or otherwise exported or re-exported (i) into (or to a national or resident of) Cuba, Iran, Iraq, Libya, Serbia, Montenegro, North Korea, Syria or any other country to which the U.S. has embargoed goods; or

(ii) to anyone on the U.S. Treasury Department's list of Specially Designated Nationals or the U.S. Commerce Department's Table of Denial Order.  By downloading or using the Software, you are agreeing to the foregoing and you are representing and warranting that you are not located in, under the control of, or a national or resident of any such country or on any such list.

10. **Governing Law; Venue.**  This Agreement shall be interpreted under and governed by the laws of the State of California, without regard to its rules governing the conflict of laws.  Any dispute arising under or relating to this Agreement shall be submitted to the exclusive jurisdiction of the state and federal courts located in San Francisco, California, and the parties hereby irrevocably submit to the jurisdiction of such courts and waive all objections to such venue.

11. **Attorneys' Fees.**  In the event an action is filed to enforce this Agreement or for breach of this Agreement, the prevailing party shall be entitled to recover all the costs of such action, including reasonable attorneys' fees, whether before, during, or after trial, or on appeal, or in bankruptcy or arbitration proceedings.

12. **Severability.**  If any provision of this Agreement is held illegal or unenforceable by a court or tribunal of competent jurisdiction, the remaining provisions of this Agreement shall remain in effect and the invalid provision deemed modified to the least degree necessary to remedy such invalidity.

13. **Assignment.**  You may not transfer or assign this Agreement for any reason without the prior written consent of Cognitive Devices.

14. **Entire Agreement.**  This Agreement is the complete agreement between Cognitive Devices and you and supersedes all prior agreements, oral or written, with respect to the subject matter hereof.

If you have any questions concerning this Agreement, you may write to Cognitive Devices, 68 Maywood Way, San Rafael, California 94901.

**The trademarks Cricut, Cricut DesignStudio, Cricut Essentials, Cricut Expression and related logos and graphics are trademarks and copyrighted works of Provo Craft and Novelty, Inc. and may not be used or reproduced without permission. © 2005-2007 All rights reserved.**

# EXHIBIT B

Type of Work:          Text

Registration Number / Date:
                       TXu001588137 / 2008-09-19

Application Title: Cricut Design Studio September 2008.

Title:                 Cricut Design Studio September 2008.

Description:           Print material.

Copyright Claimant:
                       Provo Craft and Novelty, Inc., Transfer: Written agreement.

Date of Creation:  2008

Authorship on Application:
                       Cognitive Devices, Inc., employer for hire; Domicile:
                         United States. Authorship: computer program.
                       Dan Benjamin Lyke, 1968-  ; Citizenship: United States.
                         Authorship: Software code consisting of updates,
                         revisions and bug fixes.

Alternative Title on Application:
                       Cricut Design Studio

Pre-existing Material:
                       Software code expressing a soft shadow behind the Cricut
                         Design Studio splash screen during loading.

Basis of Claim:    Revisions and additions throughout.

Rights and Permissions:
                       General Counsel, Provo Craft and Novelty, Inc., 151 E. 3450
                         North, Spanish Fork, UT, 84660, United States,
                         generalcounsel@provocraft.com

Copyright Note:    C.O. correspondence.
                       Regarding deposit: Special Relief granted under 202.20(d)
                         of C.O. regulations.

Names:                 Lyke, Dan Benjamin
                       Cognitive Devices, Inc.
                       Provo Craft and Novelty, Inc.

=============================================================================

EXHIBIT C

```
Type of Work:        Computer File

Registration Number / Date:
                     TXu001586115 / 2008-09-23

Application Title: Cricut Design Studio USB application September 2008.

Title:               Cricut Design Studio USB application September 2008.

Description:         Print material.

Copyright Claimant:
                     Provo Craft and Novelty, Inc., Transfer: Written agreement.

Date of Creation:  2008

Authorship on Application:
                     Cognitive Devices, Inc., employer for hire; Domicile:
                        United States. Authorship: computer program.
                     Dan Benjamin Lyke, 1968-  ;  Citizenship: United States.
                        Authorship: Software code consisting of updates,
                        revisions and bug fixes.

Rights and Permissions:
                     General Counsel, Provo Craft and Novelty, Inc., 151 E. 3450
                        North, Spanish Fork, UT, 84660, United States,
                        generalcounsel@provocraft.com

Copyright Note:      C.O. correspondence.
                     Regarding deposit: Special Relief granted under 202.20(d)
                        of C.O. regulations.

Names:               Lyke, Dan Benjamin
                     Cognitive Devices, Inc.
                     Provo Craft and Novelty, Inc.

=========================================================================
```

# EXHIBIT D

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34, and 35

Reg. No. 3,406,679

United States Patent and Trademark Office

Registered Apr. 1, 2008

## TRADEMARK
### PRINCIPAL REGISTER



PROVO CRAFT AND NOVELTY, INC. (UTAH CORPORATION)
151 EAST 3450 NORTH
SPANISH FORK, UT 84660

FOR: PAPER CUTTING MACHINE FOR CUTTING PAPER, CARDSTOCK AND OTHER PAPER MATERIALS IN SHEET FORM, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 10-0-2005; IN COMMERCE 4-11-2006.

SN 78-618,223, FILED 4-27-2005.

BONNIE LUKEN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,372,457

## United States Patent and Trademark Office

Registered Jan. 22, 2008

### TRADEMARK
### PRINCIPAL REGISTER



PROVO CRAFT AND NOVELTY, INC. (UTAH
   CORPORATION)
151 EAST 3450 NORTH
SPANISH FORK, UT 84660

   FOR: COMPUTER SOFTWARE RECORDED ON
CARTRIDGES CONTAINING FONTS, IMAGES OR
DESIGNS FOR USE IN OPERATING ELECTRONIC
CUTTING MACHINES FOR CUTTING PAPER AND
OTHER MATERIALS IN SHEET FORM, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-2005; IN COMMERCE 12-1-2005.

THE MARK CONSISTS OF CRICUT AND DE-
SIGN.

SER. NO. 77-185,997, FILED 5-21-2007.

JASON TURNER, EXAMINING ATTORNEY

Int. Cls.: 7 and 9

Prior U.S. Cls.: 13, 19, 21, 23, 26, 31, 34, 35, 36, and 38

**United States Patent and Trademark Office**

Reg. No. 3,326,119
Registered Oct. 30, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# CRICUT

PROVO CRAFT AND NOVELTY, INC. (UTAH CORPORATION)
151 EAST 3450 NORTH
SPANISH FORK, UT 84660

FOR: PAPER CUTTING MACHINE FOR CUTTING PAPER, CARDSTOCK AND OTHER MATERIALS IN SHEET FORM, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 4-11-2006; IN COMMERCE 4-17-2006.

FOR: ELECTRONIC MEMORIES CONTAINED IN A CARTRIDGE TO BE INSERTED IN AN ELEC-TRONIC PAPER CUTTING MACHINE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-2005; IN COMMERCE 12-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-618,210, FILED 4-27-2005.

DAWN HAN, EXAMINING ATTORNEY

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34, and 35

United States Patent and Trademark Office

**Reg. No. 3,541,570**

Registered Dec. 2, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# CRICUT CREATE

PROVO CRAFT AND NOVELTY, INC. (UTAH CORPORATION)
151 EAST 3450 NORTH
SPANISH FORK, UT 84660

FOR: PAPER CUTTING MACHINE FOR CUT-TING PAPER, CARDSTOCK AND OTHER MATE-RIALS IN SHEET FORM, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 2-22-2008; IN COMMERCE 6-24-2008.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,326,119 AND 3,326,120.

SN 77-377,629, FILED 1-22-2008.

KIMBERLY PERRY, EXAMINING ATTORNEY

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34 and 35

**Reg. No. 3,572,075**

## United States Patent and Trademark Office

Registered Feb. 10, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# CRICUT EXPRESSION

PROVO CRAFT AND NOVELTY, INC. (UTAH CORPORATION)
151 E. 3450 NORTH
SPANISH FORK, UT 84660

FOR: CUTTING MACHINE FOR CUTTING PAPER, CARDSTOCK AND OTHER PAPER OR PLASTIC MATERIALS IN SHEET FORM, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 1-4-2007; IN COMMERCE 5-10-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,326,119, 3,406,679, AND 3,432,262.

SER. NO. 77-506,667, FILED 6-24-2008.

ELLEN PERKINS, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,579,471
Registered Feb. 24, 2009

## TRADEMARK
### PRINCIPAL REGISTER

## CRICUT DESIGNSTUDIO

PROVO CRAFT AND NOVELTY, INC. (UTAH CORPORATION)

151 E. 3450 NORTH

SPANISH FORK, UT 84660

FOR: COMPUTER SOFTWARE RECORDED ON CD ROM AND IN DOWNLOADABLE FORMAT FOR USE IN OPERATING ELECTRONIC CUTTING MACHINES FOR CUTTING PAPER AND OTHER MATERIALS IN SHEET FORM , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-28-2007; IN COMMERCE 11-29-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,326,119, 3,406,679, AND 3,432,262.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DESIGN STUDIO", APART FROM THE MARK AS SHOWN.

SER. NO. 77-506,658, FILED 6-24-2008.

ELLEN PERKINS, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office

# CRICUT CAKE

**Reg. No. 3,881,505**
**Registered Nov. 23, 2010**
**Int. Cls.: 7, 9, 21, and 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

PROVO CRAFT AND NOVELTY, INC. (UTAH CORPORATION)
10876 SOUTH RIVER FRONT PARKWAY
SUITE 600
SOUTH JORDAN, UT 84095

FOR: ELECTRONIC CUTTING MACHINES FOR CUTTING GUM PASTE, FONDANT AND OTHER CONFECTIONERY OR PASTRY MATERIALS IN FLAT FORM; BLADES FOR ELECTRONIC CUTTING MACHINES, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 1-22-2010; IN COMMERCE 2-1-2010.

FOR: COMPUTER SOFTWARE RECORDED ON CARTRIDGES CONTAINING FONTS AND GRAPHICS FOR USE IN OPERATING ELECTRONIC CUTTING MACHINES FOR CUTTING GUM PASTE, FONDANT AND OTHER CONFECTIONERY OR PASTRY MATERIALS IN FLAT FORM, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-22-2010; IN COMMERCE 2-1-2010.

FOR: PLASTIC MATS FOR CUTTING FOOD; UTENSILS FOR WORKING WITH CONFECTIONERY OR PASTRY MATERIALS, NAMELY, SPATULAS, ROLLERS, PASTRY CUTTERS, PASTRY BRUSHES, PASTRY SMOOTHERS, PICKS FOR REMOVING CUT CONFECTIONERY OR PASTRY PIECES, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 1-22-2010; IN COMMERCE 2-1-2010.

FOR: CONFECTIONERY, NAMELY, GUM PASTES, FONDANTS AND FROSTINGS, AND MIXES THEREFOR, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-22-2010; IN COMMERCE 2-1-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,326,119, 3,406,679, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAKE", APART FROM THE MARK AS SHOWN.

SN 77-915,458, FILED 1-20-2010.

KATHLEEN LORENZO, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office